IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01888-KAS

RICARDO ORNELAS,

    Plaintiff,

v.

MARY JANE CAUTHON, and
BUTLER TRANSPORT, INC.,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Substituted Service on Defendant Mary Jane Cauthon** [#14] (the "Motion for Substituted Service") and Plaintiff's **Motion for Extension of Time to Serve Defendant Mary Jane Cauthon** [#19] (the "Motion for Extension of Time"). Defendant Butler Transport, Inc. filed a Response [#20] in opposition to the Motion for Substituted Service [#14], and Plaintiff filed a Reply [#22].[1] Though Plaintiff indicated that Defendant Butler Transport, Inc. opposes the Motion for Extension of Time, *see* [#19] at 1, no response was filed and the time to do so has elapsed. Plaintiff asks the Court to authorize substituted service of this lawsuit on Defendant Mary Jane Cauthon ("Cauthon") at a Colorado address, specifically, at the

---

[1] Plaintiff's briefs [#14, #22] fail to comply with D.C.COLO.LCivR 10.1(e), which provides: "All pleadings and documents shall be double spaced." Failure to comply with this and other Local Rules in the future may subject Plaintiff's filings to being stricken by the Court without further warning.

address of Cherokee Insurance Company, the alleged insurer of the vehicle she was driving at the time of the automobile accident underlying this lawsuit.

"[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992). Fed. R. Civ. P. 4(e)(1) states that service on an individual may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by doing any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

In the present Motion [#14], Plaintiff asks the Court to allow substituted service on Cherokee Insurance Company pursuant to Colo. R. Civ. P. 4(f). That rule, incorporated and made applicable to this action by Fed. R. Civ. P. 4(e)(1), permits substituted service as follows:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated

2

> to give actual notice to the party upon whom service is to be effective, it shall:
>
> > (1) authorize delivery to be made to the person deemed appropriate for service, and
> >
> > (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f).

The Court finds that the Motion [#14] complies with the first requirement for obtaining substitute service by providing a statement of Plaintiff's extensive efforts to obtain personal service on Defendant Cauthon throughout June and July 2024 and why those efforts were unsuccessful. *See Motion* [#14] at 2-3; *Ex. 2, June 6, 2024 Westlaw Precision PeopleMap Report* [#14-2]; *Ex. 3, Aff. of Nonservice* [#14-3]; *Ex. 4, July 3, 2024 Westlaw Precision PeopleMap Report* [#14-4]; *Ex. 5, Trailfinder Report* [#14-5]; *Aff. of Nonservice* [#14-6]; see *Minshall v. Johnston*, 417 P.3d 957, 960 (Colo. App. 2018) (finding that the plaintiffs "complied with the procedural requirements of Rule 4(f) by filing an affidavit from the process server detailing his numerous unsuccessful efforts to serve" the defendant).

The Court also finds that the Motion [#14] complies with the third requirement for obtaining substitute service by providing the address of the party upon whom service is to be effectuated. *See Motion* [#14] at 5.

Regarding the second requirement, however, the Motion [#14] does not identify any specific proposed individual upon whom substitute service would be made. Instead, Plaintiff asks the Court to allow service on Cherokee Insurance Company, the insurer of the vehicle being driven by Defendant Cauthon at the time of the accident. *See Motion*

3

[#14] at 3-5. Under Colorado law, there are certain circumstances where an insurer may be served as a substitute for the insured. *See* Colo. Rev. Stat. § 42-7-414. Pursuant to Colo. Rev. Stat. § 42-7-414(3)(a):

> The insurance carrier that issues a motor vehicle liability policy accepted as proof under this article shall include the following provision in the policy contract: "If the insured's whereabouts for service of process cannot be determined through reasonable effort, the insured agrees to designate and irrevocably appoint the insurance carrier as the agent of the insured for service of process, pleadings, or other filings in a civil action brought against the insured or to which the insured has been joined as a defendant or respondent in any Colorado court if the cause of action concerns an incident for which the insured can possibly claim coverage. Subsequent termination of the insurance policy does not affect the appointment for an incident that occurred when the policy was in effect. The insured agrees that any such civil action may be commenced against the insured by the service of process upon the insurance carrier as if personal service had been made directly on the insured. The insurance carrier agrees to forward all communications related to service of process to the last-known e-mail and mailing address of the policyholder in order to coordinate any payment of claims or defense of claims that are required."

Defendant Butler Transport, Inc. argues that service on Cherokee Insurance Company is improper under this statute because the relevant policy was not issued in Colorado or to a Colorado insured, and therefore "it did not have the Colorado required language appointing the insurer as defendant's agent for service of process." *Response* [#20] at 4.

The Court has reviewed what may be the relevant policy, as provided by Defendant Butler Transport, Inc.[2] *See* [#20-1]. The policy was issued under Kansas law to Defendant Butler Transport, Inc. of Kansas City, Kansas. *Id.* at 1, 3. Unsurprisingly, the Colorado statute's required language for insurance policies issued under Colorado law is not

---

[2] In her Reply [#22], Plaintiff asserts that "it is not clear this is the correct policy and may be missing integral language subject to this Motion." *See* [#22] at 2. However, Plaintiff has neither provided nor directed the Court's attention to what she believes is the correct policy. As noted below, the Court denies this Motion [#14] without prejudice, and, if appropriate, Plaintiff may renew her request if she finds and provides the "correct" policy.

4

included in that policy. Thus, even assuming that Plaintiff is an insured under this policy, the exception under Colorado law for serving an insured through her insurer is inapplicable here.

In *Podlacha v. Dobrovlny*, No. 20-cv-01801-WJM-KMT, 2020 WL 6158605 (D. Colo. Oct. 21, 2020), the court faced a materially similar situation to the one presented here. There, the plaintiff brought suit against an out-of-state defendant following an automobile collision but was unable to personally sue the driver. *Podlacha*, 2020 WL 6158605, at *1. The plaintiff moved for substitute service on the defendant's insurer pursuant to Colo. Rev. Stat. § 42-7-414(3)(a). *Id.* The court noted that "the Colorado Legislature created a type of substituted service by enacting a statute with provisions that require that insureds, under their motor-vehicle liability policies, appoint their insurers as their agents for service of process." *Id.* The court reviewed the insurance policy, which was not issued in Colorado or to a Colorado insured, and found that it did not contain the required statutory language to make substitute service on the insurer appropriate. *Id.* Here, for the same reasons, the Court finds that substitute service on Cherokee Insurance Company is inappropriate.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#14] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Extension of Time to Serve Defendant Mary Jane Cauthon [#19] is **GRANTED**. The deadline to serve this Defendant is extended to **November 24, 2024**.

Dated: October 18, 2024                              BY THE COURT:

5

Kathryn A. Starnella
United States Magistrate Judge