IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01888-KAS
Consolidated with Civil Action No. 24-cv-02459-KAS
_____

Civil Action No. 24-cv-01888-KAS

RICARDO ORNELAS,

    Plaintiff,

v.

MARY JANE CAUTHON, and
BUTLER TRANSPORT, INC.,

    Defendants.
_____

Civil Action No. 24-cv-02459-KAS

OSCAR ORNELAS VENZOR,

    Plaintiff,

v.

MARY JANE CAUTHON, and
BUTLER TRANSPORT, INC.,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendants' **Motion for Summary Judgment on Plaintiffs' Third, Fifth, and Sixth Claims for Relief** [#60] (the "Motion"). Plaintiffs filed a Response [#73] in opposition to the Motion [#60], and Defendant filed a Reply

[#79]. The Court has reviewed the briefing, the entire case file, and the applicable law. For the following reasons, the Motion [#60] is **GRANTED in part** and **DENIED in part**.

## I.  Background

This matter arises from an automobile accident between the parties in this action that occurred on April 4, 2023, in Aurora, Colorado. *Compl.* [#5], ¶¶ 4-9.[1] At the time of the accident, Plaintiffs Ricardo Ornelas (passenger) and Oscar Ornelas Venzor (driver) were travelling in a 2014 GMC Sierra. *Id.*, ¶ 5. Defendant Mary Jane Cauthon was driving a 2023 Kenworth tractor trailer owned by Defendant Butler Transport, Inc., Defendant Cauthon's employer. *Id.*, ¶¶ 6-7. Plaintiffs contend Defendant Cauthon's failure to yield the right of way and obey a red traffic signal caused the accident. *Id.*, ¶¶ 9-10. In this lawsuit, Plaintiffs assert the following claims against Defendant Cauthon: (1) Negligence (Claim One); (2) Negligence per se pursuant to Colo. Stat. Rev. § 42-4-604(1)(c)(I) (Claim Two); and (3) Negligence per se per se pursuant to 49 C.F.R. §§ 350-99 (Claim Three). *Id.*, ¶¶ 16-31. Plaintiffs assert the following claims against Defendant Butler Transport: (1) Vicarious Liability (Claim Four); (2) Negligent Hiring and Retention (Claim Five); and (3) Negligence per se pursuant to 49 C.F.R. §§ 350-99 (Claim Six). *Id.*, ¶¶ 32-43.

Defendants request summary judgment on Plaintiffs' Claims Three, Five, and Six. *Motion* [#60].[2] In their Response, Plaintiffs concede Defendant Butler Transport is entitled

---

[1] In accordance with Federal Rule of Civil Procedure 42(a), Civil Action No. 24-cv-02459-DDD-SBP, filed by Plaintiff Oscar Ornelas Venzor, was previously consolidated into the present case. *Compl.* [#5]; *Minute Order* [#42]; *Compl.* [#43]. For clarity's sake, the Court will only reference the initial Complaint filed by Plaintiff Ricardo Ornelas. *Compl.* [#5].

[2] Defendants' Motion includes several clerical errors referring to different claims for relief than those for which they seek summary judgment. *Motion* [#60] at 1, 2, 5, 6, 7, 8, 10. The general content of the Motion establishes that the only claims on which they seek summary judgment are the Third, Fifth, and Sixth Claims.

2

to summary judgment on Claim Five, negligent hiring and retention. *Response* [#73] at 2 ("After conducting extensive discovery, Plaintiffs agree to withdraw Plaintiffs' Fifth Claim for Relief.") (emphasis omitted). Thus, the only claims at issue herein are Plaintiffs' Claims Three and Six, negligence per se pursuant to 49 C.F.R. § 350-99, Federal Motor Carrier Safety Regulations. *Compl.* [#5], ¶¶ 28-31, 40-43.

## II.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court resolves factual disputes and draws reasonable inferences in favor of the nonmovant. *Chase Mfg., Inc. v. Johns Manville Corp.*, 84 F.4th 1157, 1168 (10th Cir. 2023). However, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks and citation omitted). A factual dispute is genuine if the evidence could enable a reasonable jury to find for the nonmoving party, and a fact is material if it might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *Anderson*, 477 U.S. at 248, 256.

3

When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler*, 144 F.3d at 671. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

Only documents that meet the evidentiary requirements of Fed. R. Civ. P. 56 may be considered for purposes of summary judgment. A party must support its assertion that a fact cannot be or is genuinely disputed "by citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Any affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).[3]

---

[3] Defendants also argue Plaintiffs did not sufficiently plead Claims Three and Six under the pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Motion* [#60] at 6-7. Defendants did not file a motion to dismiss wherein they might have raised this claim earlier. In any event, the Court finds Plaintiffs sufficiently alleged each of these claims in their Complaint by citing the Federal Safety Motor Regulations, 49 C.F.R. § 350-99, and Colo. Rev. Stat. § 42-4-604(1)(c)(I). *Compl.* [#5], ¶¶ 22-31, 40-43. Moreover, at this late stage of the case—with trial set to begin on March 9, 2026, Defendants do not claim to have no clue as to what specific statutes underlie Plaintiffs' negligence per se claims.

### III.     Analysis

Upon consideration of the parties' summary judgment briefing and applicable law, the Court finds there are genuine issues of material fact that preclude summary judgment. In connection with Claims Three and Six, Plaintiffs assert Defendants Cauthon and Butler Transport violated 49 C.F.R. § 392.2. *See Response* [#73] at 2-3. Section 392.2 requires that "[e]very commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated." Plaintiffs contend Defendant Cauthon failed to comply with this provision by turning left on a red traffic signal, violating Colo. Rev. Stat. § 42-4-604(1)(c)(I). *Response* [#73] at 2-3, 6-7; *Compl.* [#5], ¶¶ 9-10, 22-27.

The parties have offered conflicting evidence as to whether Defendant Cauthon failed to obey a red traffic signal. *Motion* [#60] at 7 (stating that regarding the Federal Motor Carrier Safety Regulations, "[t]here is no admissible evidence . . . sufficient to create a triable issue of fact for a jury to resolve"); *Response* [#73] at 7 (relying on the "Aurora Police Department's Traffic Accident Report and [a] witness statement . . . indicat[ing] that Defendant Mary Jane Cauthon entered the intersection while the traffic light was red" (citing *Lloyd Watson Aff.* [#73-2], ¶¶ 3-8; *Traffic Accident Report* [#73-4] at 10-12); *Reply* [#79] at 6 n.2 ("The evidence in the record establishes a dispute as to whether [Defendant] Cauthon disobeyed a red arrow."). The Court cannot resolve the conflict without weighing evidence and making credibility determinations, which are inappropriate for the Court to do. *See Jenkins-Dyer v. Exxon Mobil Corp.*, 651 F. App'x 810, 815 (10th Cir. 2016) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge,

5

whether he is ruling on a motion for summary judgment or for a directed verdict." (quoting *Anderson*, 477 U.S. at 255).[4] Accordingly, summary judgment is not appropriate.

## IV. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#60] is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER **ORDERED** that summary judgment is entered in favor of Defendant Butler Transport, Inc. on Plaintiffs' Claim Five.

IT IS FURTHER **ORDERED** that summary judgment is denied as to Plaintiffs' Claims Three and Six.

Dated: January 4, 2026                           BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

---

[4] In their Reply, Defendants raise two arguments for the first time: (1) 49 C.F.R. § 392.2 is too vague to provide a valid basis for negligence per se under Colorado law, *Reply* [#79] at 6-7, and (2) Plaintiff's Claims Three and Six are duplicative of Claims One and Four because all are dependent upon finding Defendant Cauthon caused the accident by failing to obey a red traffic signal in violation of Colo. Rev. Stat. § 42-4-604. *Id.* at 7. Arguments raised for the first time in a reply brief are waived. *See, e.g., Staheli v. Comm'r, SSA*, 84 F.4th 901, 908 n.4 (10th Cir. 2023) ("This argument is waived because [the plaintiff] raises it for the first time in her reply brief.") (citation omitted); *Cruz v. City and Cnty. of Denver*, No. 21-cv-03388-KAS, 2024 WL 1346471, at *17 (D. Colo. Mar. 29, 2024) ("[A]rguments raised for the first time in a reply brief are waived.") (citation omitted). Further, Defendants' assertion that they learned for the first time in Plaintiffs' Response that Claims Three and Six were based on 49 C.F.R. § 392.2 is disingenuous as this regulation was discussed during the discovery process. *Michael Smith Dep. on Behalf of Defendant Butler Transport* [#73-7] at 60, 59:14-60:11.